[Civ. No. 40021. Second Dist., Div. Three. Sept. 13, 1972.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
DEPARTMENT 102 et al., Respondents;
WILLIE LEE BOWEN et al., Real Parties in Interest.

**COUNSEL**

Joseph P. Busch, District Attorney, Harry Wood, Arnold T. Guminski, Ronald Ross and Harry B. Sondheim, Deputy District Attorneys, for Petitioner.

John D. Maharg, County Counsel, Donald K. Byrne and Harold S. Vites, Deputy County Counsel, for Respondent Superior Court.

Stanley R. Malone, Jr., for Respondent Department 102.

Richard S. Buckley, Public Defender, Michael Adelson, Glen F. Mowrer, Jr., and Herbert M. Barish, Deputy Public Defenders, for Real Parties in Interest.

Edward I. Pollock, Ned Good, James G. Butler, Stanley K. Jacobs, Sanford M. Gage, Leonard Sacks, A. L. Wirin, Fred Okrand, Laurence R. Sperber, Terry J. Hatter, Jr., John A. Childers, Abby Soven, Ernest L. Aubry, Harold C. Hart-Nibbrig, Kenneth C. Mason and Richard J. Palmer as Amici Curiae on behalf of Real Parties in Interest.

## OPINION

**FORD, P. J.**—This is a proceeding in mandamus to compel the superior court to vacate its orders granting the respective motions of the real parties in interest, by which the manner in which jurors are selected for the Central District of the court was challenged, and to make orders denying the motions.[1]

Each of the real parties in interest is the defendant in a criminal case pending in the superior court (respectively, People v. Willie Lee Bowen, superior court No. A 272821, and People v. Oren Marion Reeves, superior court No. A 279959). In each case the acts relating to the charged offense occurred in the Central District, of which the defendant is a resident, and the defendant is "a Negro or black person." The challenge to the jury panel was made on the ground that it was a violation of each defendant's constitutional rights to subject him to a trial by a jury composed of jurors selected for the Central District by recourse to the list of registered voters for the entire county whereas the jurors for each of the other eight districts of the Superior Court of Los Angeles County were selected on a district-wide basis.

The matter was submitted in the superior court on the record of the hearing of a motion of the same nature in the case of People v. Adams (superior court No. A 276392), except with respect to the portions of the record containing the testimony of two judges, and on additional evidence. The question presented in the Adams case was before this court in *Adams* v. *Superior Court, ante,* page 719 [104 Cal.Rptr. 144]. Since the law governing the matter presently before this court is as set forth in the opinion in *Adams, supra,* a repetition thereof herein would serve no purpose.

[1]The motions were in the nature of motions to quash the petit jury panel. (See *People* v. *Sirhan,* 7 Cal.3d 710, 749-752 [102 Cal.Rptr. 385, 497 P.2d 1121].)

In the present matter, a judge of the trial court other than the judge who heard the motion in *Adams* granted the motions of defendants Bowen and Reeves, expressing his ruling as follows: "THE COURT: All right, I'm prepared to rule, gentlemen. The Court, having considered the arguments of counsel, the evidence in this case, and the authorities cited to the Court, I have concluded that the system of selecting jurors for the panel of the Central District has resulted in a denial of equal protection, and a denial to each defendant's right to have a jury panel which represents a cross-section of the persons residing in the district. I do that in these two cases because each defendant resides in the Central District and the crime was committed in the Central District, and I make my order cognizant of the fact that this court has divided the County into districts, and in the other districts the jury panels are selected from persons in those districts. The Court further concludes that the present manner of selecting a jury panel in the Central District results in a systematic exclusion of jurors who would create a fair cross-section of the ethnic profile of the Central District by a quantitative dilution of the number of jurors of the Negro group because of the importation of persons from outside the Central District to the panel who do not reflect the ethnic composition of the Central District. Therefore, the Court will order that in the Reeves and Bowen cases only jurors from the Central District will sit, and I reiterate, based on the fact that each defendant is a Negro, that each defendant resides in the Central District, and that these crimes were committed in the Central District." The order of the court was embodied in the minutes of March 20, 1972, in the case of each defendant.

Under the reasoning of *Adams* v. *Superior Court, supra,* the court erred in its orders granting the motions of the real parties in interest, defendants Bowen and Reeves. Consequently, the People are entitled to the relief sought in this proceding.

Let a peremptory writ of mandate issue as prayed.

Allport, J., concurred.

**COBEY, J.**—I dissent for the reasons stated in my dissent in *Adams* v. *Superior Court,* 2d Civ. No. 40086, *ante,* page 719 [104 Cal.Rptr. 144].

A petition for a rehearing was denied October 10, 1972. Cobey, J., was of the opinion that the petition should be granted. The petition of the real parties in interest for a hearing by the Supreme Court was denied November 9, 1972. Peters, J., and Mosk, J., were of the opinion that the petition should be granted.